**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID L. WYATT,<br>        Appellant, | DOCKET NUMBER<br>CH-0752-19-0271-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: May 31, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David L. Wyatt</u>, Portage, Michigan, pro se.

<u>Maryl Rosen</u>, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's removal action pursuant to 5 U.S.C. chapter 75. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant asserts that he was unaware that a particular material witness would not be testifying "until the day of the hearing," and he contends that the agency's decision not to call this witness "was a direct underhanded move . . . to deny due process." Petition for Review (PFR) File, Tab 4 at 9, Tab 9 at 4-5. The record reflects that both parties sought, and the administrative judge approved, the testimony of this particular witness. Initial Appeal File (IAF), Tab 17 at 7, Tab 18 at 15, Tab 19 at 5. During the hearing, agency counsel explained that she had contacted the subject witness and requested that she appear; however, the witness, who had retired from Federal service, ultimately declined to participate. IAF, Tab 22, Hearing Recording (HR) at 20:35 to 21:05, 21:29 to 22:12 (statements of agency counsel, file 5). The appellant's prehearing statement indicates that the appellant knew the witness had retired. IAF, Tab 17 at 7. When asked whether he had contacted or otherwise attempted to ensure the presence of this witness, the appellant's counsel indicated only that he had asked a colleague to contact the witness, but the colleague had not received a response. HR at 22:13 to 22:32 (statement of the appellant's counsel, file 5). The administrative judge explained that, because neither party had subpoenaed this particular witness and the deadline to do so had passed, the witness could not be called. HR at 22:35 to 22:58 (statement of the administrative judge, file 5).

Thus, the appellant was not deprived of his right to question this witness insofar as he could have subpoenaed her, but he failed to do so. *See Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984). Moreover, if the appellant was surprised by the agency's failure to call this witness at the hearing, he could have requested a continuance in order to obtain her testimony; however, he did not. *Id.* To the extent the appellant faults his attorney for failing to either subpoena the witness or request a continuance, PFR File, Tab 4 at 9, his contention is unavailing as the Board has routinely held that appellants are responsible for the actions and inactions of their chosen representatives, *see, e.g.*, *Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987).[2]

The appellant contends that the administrative judge erred by "limiting [his] witnesses." PFR File, Tab 4 at 5. The appellant initially suggests that he requested the testimony of two witnesses, but the administrative judge denied his request. *Id.* However, he later concedes that, through his attorney, he agreed to withdraw these two witnesses. *Id.* at 10. Further, following a prehearing conference in which both the appellant and his representative participated, the administrative judge issued an order wherein she summarized, among other things, the appellant's withdrawal of these two proffered witnesses. IAF, Tab 19 at 1, 6. The administrative judge advised the parties to "carefully review [the] summary and order," explaining that, if either party believed that her summary was incorrect, they must notify her by a specific date. *Id.* at 1, 8. She explained that, in the absence of such notice and good cause, the order would not be modified. *Id.* at 8. The appellant never filed such notice or otherwise indicated that the administrative judge's summary was incorrect. *See Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 20 (2015) (finding the appellant's

---

[2] The appellant provides written statements from this witness dated after the issuance of the initial decision. PFR File, Tab 9 at 6-9. Insofar as these statements do not constitute new evidence, a different outcome is not warranted. *See* 5 C.F.R. § 1201.115(d) ("To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.").

contention that the administrative judge had improperly denied two of her witness requests unavailing when the appellant did not object to the administrative judge's summary of the parties' prehearing conference, which indicated that the appellant had not requested any witnesses). To the extent the appellant faults his attorney for either withdrawing these witnesses or failing to object to the administrative judge's order, his contention is unavailing. *See Sparks*, 32 M.S.P.R. at 425.

The appellant alleges that the agency failed to timely provide certain documents. PFR File, Tab 4 at 5, 10-11. The appellant appears to be reasserting an argument that he first raised at the hearing, i.e., that his due process rights were violated because the deciding official relied on information that the agency failed to timely provide him. IAF, Tab 20 at 1-3. We believe he contends that, although the agency timely provided him with the Report of Investigation (ROI) issued by the agency's Office of the Inspector General (OIG), it did not timely provide him with five handwritten sworn witness statements that were exhibits to the ROI. PFR File, Tab 4 at 11; IAF, Tab 10 at 52-53, 75-78, 131-38, 148-59, 236-38, 241-44.[3] The Board has found that a deciding official violates an employee's constitutional due process rights when he relies on new and material ex parte information as a basis for his decision on either the merits of a proposed charge or the penalty to be imposed. *See Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015). Here, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to show that the agency violated his due process rights. ID at 29-33. The administrative judge found, based on a credibility determination, that the deciding official considered only information that the agency had timely provided to the appellant, i.e., the deciding official did not consider any ex parte information. ID at 17, 32. The deciding official specifically testified that he could not recall reviewing any

---

[3] The appellant references sworn statements from five witnesses, PFR File, Tab 4 at 11; however, one of the five witnesses that he enumerates declined to provide a sworn written statement, IAF, Tab 10 at 140.

handwritten witness statements. IAF, Tab 26, Hearing Recording at 5:12 to 5:35 (testimony of the deciding official, file 1). The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no reason to overturn the administrative judge's findings on this issue.

The appellant avers that the agency committed harmful procedural error by improperly using information from events that transpired between 2006 and 2008. PFR File, Tab 4 at 12. Here, we believe the appellant is alleging that, in 2006, he cooperated with an agency OIG investigation, after which he became a "management scapegoat" and a retaliatory sexual harassment claim was levied against him. PFR File, Tab 4 at 12, Tab 9 at 16-18; IAF, Tab 10 at 181-222. The appellant alleges that he was ultimately "exonerated on all charges" related to this claim, and that, in 2008, the agency agreed to destroy the "case records files" related to this claim; however, the agency provided these documents as part of its response file, thereby evincing that it had failed to destroy the documents. PFR File, Tab 4 at 12, Tab 9 at 10-14; IAF, Tab 10 at 181-222, Tab 16 at 4. Pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.4(r). Here, to the extent the appellant alleges that the agency's failure to destroy these documents constituted harmful procedural error, we find his contention unavailing. Indeed, the appellant provides the parties' 2008 agreement and associated documents; however, nothing therein supports his

assertion that the agency relied on information that should have been purged from its records. PFR File, Tab 9 at 10-14. The settlement agreement indicates only that the agency would "remove all discipline from [the appellant's] current and past records." *Id.* at 13. In imposing his removal, the agency did not rely on any "discipline" or incidents from 2006-2008. IAF, Tab 8 at 52-56, Tab 9 at 7-19. The record reflects that the OIG interviewed a witness in November 2017 who referred to her 2007 complaint alleging inappropriate behavior by the appellant. IAF, Tab 10 at 39-40, 179-80. The ROI summarized this interview and identified the memorandum of that interview and a 2007 fact-finding investigation as exhibits. *Id.* at 39-40, 51-52, 179-222. The appellant has failed to show that the agency committed any error in this regard. In particular, we find that the appellant has shown no error under the 2008 settlement agreement. Moreover, even assuming that the agency erred by failing to purge the subject documents, the appellant has failed to explain how this alleged failure caused the agency to reach a different conclusion. There is no indication that the deciding official received the underlying investigatory documents or considered the 2007 claim to constitute prior discipline.[4] IAF, Tab 8 at 55-56. Thus, we discern no basis to disturb the initial decision.

The appellant states in his petition that he "has now requested 3 times for a Whistle-blowers investigation to be done." PFR File, Tab 4 at 12 (punctuation as in original). With his reply, he indicates that he "had initially requested a Whistle-Blowers investigation on the Proposed Letter of Removal," and he explains that, following the issuance of the initial decision, he appealed for intervention from Attorney General William Barr because he feels that he has

---

[4] The decision letter references the appellant's "lack of *active* discipline." IAF, Tab 8 at 56 (emphasis added). Based on the record, we do not believe that the deciding official considered any prior discipline, much less anything related to the events transpiring between 2006 and 2008; rather, we believe that the deciding official made this statement in response to the appellant's written reply to the notice of proposed removal wherein the appellant proffered that he "ha[d] no *active* discipline on record." *Id.* at 64 (emphasis added).

"been retaliated due to [his] previous Whistle-Blowers cooperation with the [agency] OIG." PFR File, Tab 9 at 15-19 (grammar and punctuation as in original). To the extent the appellant is alleging that the agency's removal action was in reprisal for his cooperation with the 2006 OIG investigation, a different outcome is not warranted as he fails to explain why he did not raise this argument before the administrative judge.[5] *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

The appellant disagrees with many of the administrative judge's factual findings and he contends that the agency failed to prove its charges; indeed, a substantial portion of his petition for review is devoted to his alternative version of events and his independent assessment of the credibility of the testifying witnesses. PFR File, Tab 4 at 5-11. We have considered his assertions in their entirety; however, his arguments do not warrant a different outcome. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

The appellant also provides, for the first time, medical records tending to show that he was experiencing physical ailments, to include high blood pressure, on November 7, 2016. PFR File, Tab 4 at 14-17. The appellant seemingly provides these documents to show that he was not at work during some of the

---

[5] At the bottom of the agency's notice of proposed removal, the appellant wrote that he was "Requesting Whistle blowers Protection" because an OIG Special Agent harbored retaliatory animus against him. IAF, Tab 9 at 19 (punctuation as in original). However, a different outcome is not warranted as the appellant, who was represented by counsel before the administrative judge, did not raise this issue on his initial appeal form, IAF, Tab 1, in his affirmative defenses pleading, IAF, Tab 16 at 4, or in his prehearing submission, IAF, Tab 17 at 4-7. Accordingly, the administrative judge did not address this allegation in her initial decision.

events underlying the agency's charges against him. *Id.* at 5. However, the records predate the initial decision, and the appellant provides no explanation as to why he did not file this evidence with the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Moreover, the medical records are immaterial insofar as the agency did not allege, and the administrative judge did not find, that the appellant was at work on the date in question; rather, the appellant contacted subordinate management officials remotely via telephone and text message. IAF, Tab 8 at 38-39; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

The appellant also provides documents suggesting that, after the issuance of the initial decision, the agency took personnel actions involving two other agency employees. PFR File, Tab 4 at 18-19. The appellant seemingly provides one of these documents to suggest that an agency management official involved in the investigation "took a downgrade" after the issuance of the initial decision; however, the appellant does not clearly allege the basis for the downgrade and he provides no discernable explanation as to the relevance of this personnel action. *Id.* at 11, 18. Thus, we find that these documents are not of sufficient weight to warrant a different outcome.[6] *See Russo*, 3 M.S.P.R. at 349.

---

[6] The appellant also provides a page of math homework, which was presumptively included in error. PFR File, Tab 4 at 13.

**NOTICE OF APPEAL RIGHTS**[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.